[No. 12972.    Department One. — November 6, 1890.]

MARGARETHE BERGHAUSER, RESPONDENT, *v.* THEODORE BLANCKENBURG ET AL., APPELLANTS.

TRUSTEES — ACTION FOR MONEY RECEIVED — COMPENSATION UNDER WILL — HOTEL PROPERTY — TENANCY IN COMMON — MANAGEMENT OF DIVORCED WIFE'S INTEREST. — In an action by a divorced wife, against trustees appointed by the will of the divorced husband, to recover money which they had received as the proceeds of her one-third interest in certain hotel property, awarded to her by the decree of divorce, which it was agreed and decreed that the husband should be entitled to manage, but which was not subject to his testamentary disposition, nor disposed of by his

will, it is no defense to such action that the trustees are entitled to keep the money as compensation for their services, as trustees under the will, in caring for the divorced wife's interest in the property.

ID. — CONTRACT FOR SERVICES — QUANTUM MERUIT — FINDINGS — APPEAL — REVIEW OF EVIDENCE. — In such action, where it appears, from the evidence, that the trustees thought they had a claim upon the wife's interest in the property, for compensation as trustees under the will, for managing the entire property, but that they never pretended or acted under the belief that they had any agreement with her to be her agents for the management of her interest, and to receive any compensation directly from her therefor, or that they had any claim against her for services rendered at her request upon a *quantum meruit*, outside of their claim as trustees under the will, findings that there was no agreement of the wife to pay them, and that they had rendered no services for her, at her request or otherwise, will be sustained, and there can be no recovery against her for such services.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles F. Hanlon,* and *Otto Tum Suden,* for Appellants.

*Selden S. & George T. Wright,* for Respondent.

FOOTE, C. — This action was brought by the plaintiff to recover a certain sum of money from the defendants, which they had received for her, and which they refused to pay over, claiming, — 1. That it was due them for commissions as trustees of her husband's will; 2. That if their demand in this respect was not just, they were entitled to it under a contract with her; and 3. If not so entitled, that it was due and payable to them on a *quantum meruit*, for services performed for her, at her instance.

In a cause lately adjudicated in Department One of this court, entitled *Blanckenburg* v. *Jordan, ante,* p. 171, which was to construe the trust in the will of the plaintiff's husband, by virtue of which the first contention of the defendants in this action is here sought to be main-

tained, it was said: "John Berghauser and Margarethe Berghauser were husband and wife. The wife brought an action against her husband for a divorce, alimony, and a division of community property. Pending the trial, an agreement was made as to the division of property, in case the court should decree a divorce, under which, upon decree being entered, it was adjudged and decreed that the defendant (husband) should convey to the wife (plaintiff) certain real property in her own right, and a life estate, with remainder to their six children, or their heirs, in an undivided one third of three other parcels of real estate, situate in the city and county of San Francisco, the principal one of which was that known as the Prescott House. These three properties were all improved, and at the time bringing in an aggregate rental of something over nineteen hundred dollars per month. It was agreed and decreed that the husband, who remained an owner, as tenant in common, of the undivided two thirds thereof, should 'manage the aforesaid property, in which defendant and plaintiff are jointly interested; and all proper expenses on the property, including insurance, taxes, street assessments, repairs, and further litigation, if any, are to be borne by plaintiff and defendant in proportion to their respective interests, monthly accounts to be rendered by defendant to plaintiff, as to all the property in which plaintiff and defendant are jointly interested, and monthly payments to be made by defendant to plaintiff, or her agent, of her share of the rents, income, and profits thereof.' Presumably, deeds were made to conform to the decree, although they are not given in the record. This decree was made in 1873, and thereafter, during the lifetime of John Berghauser, the property was managed as therein provided. In February, 1878, Berghauser died, leaving a will by which he devised his estate to the plaintiffs in this action, in trust, to manage and control the same until the youngest of his children should reach a certain

age; then the same to be conveyed to them, share and share alike.

"The will being admitted to probate, the trustees, as executors, continued to manage the property as before, and in 1879, administration being closed, the property was distributed to the trustees, as such, the court in and by its decree of distribution specifically describing each piece of real and personal property so distributed, and correctly describing the interest of the estate which was so distributed in the three parcels of property here under consideration as the undivided two thirds thereof. The trustees thereafter continued to manage the property and account to Mrs. Berghauser, as before, until 1888, when this action was brought, the plaintiffs claiming that their trust covered the whole, not simply the two thirds of this property, and that they were entitled to fees and commissions for administering the whole, one third thereof to be taken out of the one-third interest of Mrs. Berghauser in the rents and profits; or if that could not be done, then the fees and commissions for administering the whole to be taken out of the two-thirds interest of the children.

"Such a claim seems to us to be certainly without foundation. From the date of the entry and recording of that decree of divorce John Berghauser never had any power of testamentary or other disposition of this one-third interest in that property. It had passed out of him forever, with no chance of its ever coming back, except it might have been by purchase or descent, and of that there is no pretense in the case. Even the management and control which was accorded to him was a personal trust, which he could neither transfer nor perpetuate. There is nothing in the will to indicate that he attempted or intended to make testamentary disposition thereof, or to create any testamentary trust over the property. The probate court so understood it, and distributed the estate accordingly. If the trustees ever

had any control over this one-third interest, it was by the permission or agreement of Mrs. Berghauser, and not by virtue of any power under the will. The court below so held, and expressly refused to find whether or not they were entitled to any compensation for their services in caring for her interest in the property, because that was not a proper matter to be determined in this action, and was not a matter involved under the pleadings herein. All that could be determined here was, whether they were entitled to commissions and fees, under the will, for their management and care of this one-third interest, and if so, against what interest were the commissions and fees to be charged. The court correctly found that they were entitled to no such fees or commissions under the will; and that was the end of this case."

Thus it will be seen the contention of the appellants here is very plainly disposed of against them, upon all questions except as to whether Mrs. Berghauser employed them to care for her interest, and collect the rents, etc.; or if she did not do that by agreement, whether they are entitled to retain her money, upon the principle that, as she permitted them to do the work and got the benefit of it, she is under a legal obligation to pay them for it. The court below found against them upon all their contentions, gave judgment for the plaintiff, and refused a new trial, from which, as we have seen, they have appealed.

The two points now to be considered, therefore, are, whether or not the evidence fails to sustain findings 4 and 5 of the trial court. They are as follows: "4. That it was never mutually understood or agreed between plaintiff and defendants that said defendants should hold or care for plaintiff's interest in all or any of said properties, in trust for her, or for her use or benefit, or should manage or control the same to the extent or on the same terms as they were managing or controlling the property

in trust for the devisees and heirs of John Berghauser, deceased, or on the same terms or conditions or in the same way, or for the same period; 5. That, at the time of the commencement of this action, plaintiff was not indebted to the defendants in the sum of three thousand dollars, or in any other sum, for services rendered for her, at her special instance and request, or otherwise, in the state of California; and that, at the time of the commencement of this action, defendants had rendered no services for plaintiff, at her request or otherwise."

In his testimony upon these matters, one of the defendants says: "Mr. Blanckenburg [as the witness was Theodore Blanckenburg, it is evident that when he said Blanckenburg he meant to say Medeau] and myself were the executors of the will of John Berghauser, deceased, and, as such, collected the entire rents of the Prescott House, Broadway, and Green Street properties, and paid the running expenses, and paid Mrs. Berghauser her one third of the net rental therefrom, and made no charge against Mrs. Berghauser therefor, either by way of compensation or as trustees' or executors' commissions. . . . . We never told Mrs. Berghauser we intended charging anything for our services, because we never had any conversation on the subject."

It is manifest, from all the evidence of this witness and John P. Medeau, his co-defendant, that they thought that they had a claim on Mrs. Berghauser's interest, perhaps as trustees under the will; but that they never pretended or acted under any belief that they had any agreement with her to be her agents, and to receive any compensation therefor, or that they had any claim against her for services rendered upon a *quantum meruit*, outside of their claim as trustees under John Berghauser's will. Medeau says: "We considered that we were trustees for Mrs. Berghauser, on the same terms and conditions, from the time that Mr. Berghauser died up to the present time, and are yet." It is clear, then,

that this pretended agreement of Mrs. Berghauser to pay them, and the *quantum meruit* obligation set up were after-thoughts, and were never contemplated at the time the services were rendered.

We think the evidence sustains the findings, and that the judgment and order should be affirmed, and so advise.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.